# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES LEE MOORE II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-15-688-HE |
| | ) |
| LT. PANTOJA et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Charles Moore, a state prisoner appearing pro se, brings this federal civil rights action under 42 U.S.C. § 1983 alleging that Defendants, who were correctional officers at the Oklahoma State Reformatory ("OSR") in Granite, Oklahoma, used excessive force against and failed to protect Plaintiff while he was incarcerated at that facility. *See* Compl. (Doc. No. 1). Plaintiff is now housed at the Joseph Harp Correctional Center ("JHCC") in Lexington, Oklahoma. *See* Notice (Doc. No. 21). Chief United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b). Currently at issue is Plaintiff's motion for a temporary restraining order ("TRO") and/or request for preliminary injunction, wherein he seeks to enjoin the Oklahoma Department of Corrections ("ODOC") from transferring him away from JHCC. Pl.'s Mot. (Doc. No. 22). The undersigned recommends that the Court deny the motion.

As an initial matter, Plaintiff's Motion is construed as seeking only a preliminary injunction under Federal Rule of Civil Procedure 65(a) and not a TRO under Federal

Rule of Civil Procedure 65(b). Rule 65(b) generally contemplates that a TRO be issued only for a short term and "without written or oral notice to the adverse party or its attorney." *See* Fed. R. Civ. P. 65(b)(1). Defendants had already been served and entered an appearance when Plaintiff filed his Motion, and they filed a written response in opposition to the motion (Doc. No. 27) within the time allowed by local rule. Thus, Plaintiff's request for a TRO is moot. *See Stephens v. Jones*, 494 F. App'x 906, 909-10 (10th Cir. 2012) (noting with approval finding that defendant's response "mooted" plaintiff's motion for temporary restraining order); *Farris v. Frazier*, No. CIV-12-1099-W, 2014 WL 3749142, at *15 (W.D. Okla. July 29, 2014), *aff'd*, 599 F. App'x 851 (10th Cir. 2015); 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2951, at 276-77 (3d ed. 2013).

A preliminary injunction is an "extraordinary remedy" meant to preserve the relative positions of the parties until a trial on the merits of the claims at issue can be held. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The party seeking a preliminary injunction generally must show: (1) a substantial likelihood that he or she will prevail on the merits; (2) he or she will suffer irreparable harm unless the injunction is issued; (3) that the potential harm from the threatened injury to the moving party outweighs the harm from the preliminary injunction to the nonmoving party; and (4) the absence of an adverse impact on the public interest. *Kikumura v. Hurley,* 242 F.3d 950, 955 (10th Cir. 2001). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Id.* Although the Court will construe a pro se litigant's filings liberally,

requests for relief must be supported, at a minimum, by specific factual allegations, which require no special legal training to provide. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Fed. R. Civ. P. 7(b)(1)(B). Applying these standards, Plaintiff's Motion fails for at least two reasons.

First, Plaintiff states in his motion that he sued the Defendants in their official capacities, and on that ground seeks injunctive relief against ODOC. Pl.'s Mot. at 1. But Plaintiff did *not* sue Defendants in their official capacities; indeed, Plaintiff very clearly stated he was suing Defendants in their *individual* capacities. Compl. at 4. Plaintiff cannot obtain injunctive relief under such circumstances. *See Brown v. Buhman*, No. 14-4117, 2016 WL 2848510, at *7 n.10 (10th Cir. May 13, 2016) ("With respect to state officials, . . . '[s]ection 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.'" (quoting *Brown v. Montoya*, 662 F.3d 1152, 1161 n. 5 (10th Cir. 2011)).

Second, even if Plaintiff's claims were ones that allowed injunctive relief, the substance of those claims does not support the specific injunction Plaintiff seeks. In the Complaint, Plaintiff alleged excessive force and deliberate indifference to that force at OSR. In his Motion, however, Plaintiff complains about being stabbed at "LCC"[1] and having his personal property stolen, and now seeks permanent residence at JHCC. Pl.'s Mot. at 2-4. A preliminary injunction grants immediate relief of the same character as

---

[1] When he filed his Complaint, Plaintiff was housed at the Lexington Correctional Center. Compl. at 1. The undersigned assumes this is the facility he references as "LCC." Pl.'s Mot. at 2.

that which may be finally granted. *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945); *see also Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) ("[T]he movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." (internal quotation marks omitted)). The Court cannot properly issue a preliminary injunction when, as here, the movant seeks relief beyond the scope of the pleading. *See Farris*, 2014 WL 3749142, at *15-16; *Stouffer v. Eulberg*, No. CIV-09-320-C, 2010 WL 567998, at *1, *2 & n.3 (W.D. Okla. Feb. 11, 2010) (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.")).

## RECOMMENDATION

For the above stated reasons, the undersigned recommends that Plaintiff's motion for temporary restraining order and/or request for preliminary injunction (Doc. No. 22) be DENIED.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court on or before August 16, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in the present case.

ENTERED this 26th day of July, 2016.

*Charles B. Goodwin*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE