# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

CHARLES LEE MOORE II, )
)
    Plaintiff, )
)
v. )    Case No. CIV-15-688-HE
)
LT. PANTOJA et al., )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff Charles Moore, a state prisoner appearing pro se, brings this federal civil rights action under 42 U.S.C. § 1983. *See* Compl. (Doc. No. 1); Pl.'s Br. in Supp. (Doc. No. 2). Chief United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b). Defendants have moved to dismiss Plaintiff's claims (Doc. No. 20), and Plaintiff, in a motion for summary judgment (Doc. No. 26), has responded. In turn, Defendants have responded to Plaintiff's motion for summary judgment (Doc. No. 28), and Plaintiff has replied (Doc. No. 29). The undersigned recommends that the Court deny both motions.

PLAINTIFF'S CLAIMS

Plaintiff alleges that on November 24, 2014, while he was housed at the Oklahoma State Reformatory ("OSR") in Granite, Oklahoma, one correctional officer (Defendant Pantoja) assaulted him and two others (Defendants Harvey and Mangalona) observed the assault and did not intervene. Compl. at 2-3. Plaintiff asserts a § 1983 claim against

these Defendants in their individual capacities based on an alleged violation of his Eighth Amendment rights. *Id.* He seeks nominal and punitive damages. *Id.* at 2, 4.

## ANALYSIS

A. *Dismissal of Defendants Harvey and Mangalona*

Plaintiff initially asserted claims against Defendants Harvey and Mangalona, alleging "[w]hile this incident took place, [they] stood just outside of the Plaintiff's cell and watched the incident take place, yet failed to intervene and protect the Plaintiff from harm." *Id.* at 3. However, in his motion for summary judgment, Plaintiff states that he "will dismiss Sgt. Matthew Harvey and Tina Mongalona without prejudice." Pl.'s Mot. for Summ. J. at 2. Defendants do not object. Defs.' Resp. at 3. Because Defendants have not filed an answer or a motion for summary judgment, Plaintiff may voluntarily dismiss these parties without a court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

B. *Defendants' Motion to Dismiss*

Defendant Pantoja seeks dismissal of Plaintiff's claim under Federal Rule Civil Procedure 12(b)(6) for failure to adequately plead an Eighth Amendment violation and on the basis of qualified immunity. Defs.' Mot. to Dismiss at 9, 12-13. While Defendant Pantoja challenges Plaintiff's Complaint on a multitude of fronts, his intertwined arguments generally fall into two categories: (1) Plaintiff does not adequately allege that the force used against him by Defendant Pantoja was unnecessary or malicious or sadistic, and (2) Plaintiff's pleading establishes that the force used by Defendant Pantoja was justified. *Id.*

2

1. Rule 12(b)(6) Standard

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

2. Eighth Amendment Violation

The Eighth Amendment prohibits "cruel and unusual punishments," and accordingly "places restraints on prison officials . . . [from using] excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see* U.S. Const.

3

amend. VIII. In order to hold a prison official liable for excessive force in violation of the Eighth Amendment, a two-prong standard applies: "(1) an objective prong that asks 'if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation,' and (2) a subjective prong under which the plaintiff must show that 'the officials acted with a sufficiently culpable state of mind.'" *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1289 (10th Cir. 1999) (alteration omitted) (quoting *Hudson v. McMillian,* 503 U.S. 1, 8 (1992)). With respect to the second prong, "when officials stand accused of using excessive physical force," the court asks "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (internal quotation marks omitted); *see also DeSpain v. Uphoff*, 264 F.3d 965, 978 (10th Cir. 2001).

Plaintiff alleges that Defendant Pantoja physically assaulted him on November 24, 2014. *See* Compl. at 2-3. Specifically, Plaintiff alleges that he had just returned to his cell from the shower and was taking his "heart and thyroid medication" when Defendant Pantoja "entered Plaintiff's cell, grabbed him by the throat, and threw him violently to the ground." *Id.* Defendant Pantoja then "allowed Plaintiff to stand at which time he starred at the Plaintiff for a brief moment before spraying him with mace for twenty (20) [to] thirty (30) seconds." *Id.* at 3. Plaintiff states that he was "completely naked" and "never resisted and remained completely docile and uncombative for the duration of this entire episode." *Id.*; *see also* Pl.'s Br. in Supp. at 2-5. Finally, Plaintiff alleges that he "suffered extreme pain to his throat, eyes, and face" from the pepper spray. Pl.'s Br. in Supp. at 4.

4

Plaintiff has alleged specific facts that, when assumed to be true, plausibly assert that Defendant Pantoja used objectively harmful physical force against a non-combative, non-resisting inmate and did so for a reason other than a good faith effort to maintain or restore discipline. This is sufficient to support a reasonable inference that Defendant Pantoja "is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 679, under the governing law. *See, e.g.*, *DeSpain*, 264 F.3d at 978 (holding that inmate stated an Eighth Amendment violation when alleging that prison official used pepper spray "indiscriminately" in a manner not intended as a good faith effort to maintain or restore order); *accord Graham v. Sheriff of Logan Cnty.*, 741 F.3d 1118, 1123 (10th Cir. 2013) ("Where no legitimate penological purpose can be inferred from a prison employee's alleged conduct, . . . the conduct itself constitutes sufficient evidence that force was used maliciously and sadistically for the very purpose of causing harm." (internal citation, quotation marks, and brackets omitted)).

Relevant to the subjective prong of an Eighth Amendment claim, Defendant Pantoja argues that an exhibit attached to the Complaint—a grievance response in which another prison official stated that Defendant Pantoja's conduct on November 24, 2014, "was actually a use of force in response to [Plaintiff] physically pushing Lt. Pantoja while trying to destroy contraband"—"casts doubt on [Plaintiff's] claims" and "contains evidence that Plaintiff's account of the incident is inaccurate and/or incomplete, and [provides] justification for the use of force." Defs.' Mot. to Dismiss at 6 (citing Compl. at Ex. 1). Without citing any authority, Defendant Pantoja suggests that the prison official's statement should be considered true for purposes of a Rule 12(b)(6) motion.

*See id.* at 22-23 & n.7. Essentially, Defendant Pantoja argues that Plaintiff has pleaded himself out of court by attaching this grievance response—which contains a third-party prison official's retrospective explanation of the challenged conduct—as an exhibit to his Complaint. *See id.* at 22-26; Fed. R. Civ. P. 10(c); *Kennedy v. Peele*, 552 F. App'x 787, 792 (10th Cir. 2014) ("[F]actual allegations that contradict a properly considered document are not well-pleaded facts that the court must accept as true." (ellipsis omitted) (quoting *GFF Corp. v. Assoc. Wholesale Grocers*, 130 F.3d 1381, 1385 (10th Cir. 1997)).

This argument overstates the impact of the grievance response and misapprehends how the Rule 12(b)(6) standard is applied. As a result of Plaintiff's inclusion of the grievance response as part of his Complaint, the Court may accept as true the facts that the response was made and that a prison official *stated* therein that the use of force was justified. But that official's conclusion that the physical force used on Plaintiff on November 24, 2014, was justified is not entitled to any such assumption and does not permit the Court to discount Plaintiff's otherwise well-pled allegations that on that day Defendant Pantoja "entered Plaintiff's cell, grabbed him by the throat, and threw him violently to the ground" before spraying mace in the "completely docile" Plaintiff's face for twenty or thirty seconds. Compl. at 3. Those facts, if proved to be true, would support a reasonable inference that Defendant Pantoja's use of force was not "applied in a good faith effort to maintain or restore disciple," but rather was applied "maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam).

Defendant Pantoja also argues that a statement by Plaintiff in his "Brief in Support" shows that the force used by Defendant Pantoja was not excessive. *See* Defs.'

Mot. to Dismiss at 22 (citing Pl.'s Br. in Supp. at 4). Specifically, Defendant Pantoja cites Plaintiff's statement that, "Absolutely no effort was made by Defendant Pantoja to decrease the amount of force used. Defendant Pantoja could have given verbal orders to the Plaintiff in order to have him do whatever the Defendant needed him to do." Pl.'s Br. in Supp. at 4. Defendant Pantoja argues that this statement "establishes" that he "needed" Plaintiff to take some step and, therefore, Defendant Pantoja's actions could have been reasonably required by a legitimate penological purpose. Again, Defendant overstates the impact of Plaintiff's statement, which at most indicates that *if* Defendant Pantoja had needed Plaintiff to complete an action he could have requested it, but did not. This statement does not contradict Plaintiff's well-pled allegations describing the officer's unexpected and unwarranted use of physical force.

In sum, because Plaintiff's well-pled allegations plausibly assert that Defendant Pantoja violated the Eighth Amendment in assaulting Plaintiff on November 24, 2014, Defendants' motion to dismiss should be denied.

3. Defendant's Claim to Qualified Immunity

Defendant Pantoja also seeks dismissal of Plaintiff's § 1983 claim on the ground of qualified immunity. Defs.' Mot. to Dismiss at 31. Qualified immunity "shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). This defense may be raised in a motion to dismiss but in that context is "subject[] . . . to a more challenging standard of review than would apply for summary judgment." *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004). The Court must consider (1)

7

"whether the plaintiff has alleged a deprivation of an actual constitutional right," and (2) "'whether that right was clearly established at the time of the alleged violation.'" *Id*. at 1202 (citing and quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Defendant concedes that "Plaintiff does have a clearly established right to be free from excessive force . . . ." Defs.' Mot. to Dismiss at 31; *see also DeSpain*, 264 F.3d at 980 (denying officer qualified immunity on claim that he indiscriminately discharged pepper spray on inmates in violation of the Eighth Amendment); *Adams v. Bouchard*, 591 F. Supp. 2d 1191, 1205 (W.D. Okla. 2008) (denying jail officials qualified immunity on excessive force claim where "it was clearly established [at the time of the incident] in June 2007 that prison officials cannot inflict injury where they act, not in a good faith effort to maintain and restore discipline, but maliciously and sadistically for the very purpose of causing harm"). And, as discussed above, Plaintiff's well-pled allegations plausibly support a violation of that Eighth Amendment right by Defendant Pantoja. Defendant's request for qualified immunity in this Rule 12(b)(6) motion should be denied.

C. *Plaintiff's Motion for Summary Judgment*

The undersigned now turns to Plaintiff's motion for summary judgment, and recommends that it also be denied.

1. Rule 56 Standard

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The Court must grant

summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are material when they "might affect the outcome of the suit under the governing law," and a "genuine dispute" exists if "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In making this determination, the Court generally views the evidence and any reasonable inferences drawn from the record in the light most favorable to the nonmoving party. *See Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007).

A party moving for summary judgment has the initial burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(c), (e). If the moving party has the ultimate burden of persuasion at trial—e.g., when a plaintiff seeks summary judgment on his claim—"a more stringent summary judgment standard applies." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). That is, the moving party initially "must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Id.*; *see also Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015).

2. Discussion

Plaintiff has not met the stringent standard for obtaining summary judgment in his favor on his own claim. Plaintiff appears to misinterpret Defendants' recognition of the Rule 12(b)(6) standard (in which the Court and by extension the parties must assume, for

9

the limited purpose of resolving a motion to dismiss, that the facts alleged by Plaintiff are true) as a confession that Plaintiff's version of events is undisputed and/or unaffected by other relevant facts. *See* Pl.'s Mot. for Summ. J. at 1-2. That is not the case. For example, as discussed above, in addressing Plaintiff's allegation of an unexpected and unwarranted assault, Defendant Pantoja—though himself trying to navigate around the Rule 12(b)(6) standard—clearly argues that the force used by him *was* justified. *See* Defs.' Mot. to Dismiss at 21-25.

To obtain summary judgment, Plaintiff must present evidentiary material showing that he is entitled to judgment as a matter of law because there is no genuine dispute of material fact regarding any element of his claim. Plaintiff has not done so. Plaintiff provides no evidentiary material to support his allegations; instead, he simply "points to parts of the record that [he] believes illustrate the absence of a genuine issue of material fact." *Pelt*, 539 F.3d at 1280. His failure to produce Rule 56(c) evidence showing that he is entitled to judgment as a matter of law ends his quest for summary judgment, without consideration of Defendant's proffered evidence in response. *Id.*; *see also Parker Livestock, LLC v. Okla. City Nat'l Stock Yards Co.*, No. CIV-13-518-R, 2015 WL 9244603, at *2-3 (W.D. Okla. Dec. 17, 2015) (denying plaintiff's motion for summary judgment because evidence was insufficient to show plaintiff was entitled to judgment as a matter of law and noting, "As such, the Court does not consider Defendants' evidence in opposition to summary judgment or Plaintiff's arguments regarding the admissibility of such evidence.").

## RECOMMENDATION

For the reasons outlined above, the undersigned recommends that the Court deny Defendant Pantoja's motion to dismiss (Doc. No. 20) and Plaintiff's motion for summary judgment (Doc. No. 26). Recognizing that Plaintiff has voluntarily dismissed his claims against Defendants Harvey and Mangalona without prejudice, those parties should be terminated from the case.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court on or before August 16, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral to the undersigned Magistrate Judge in the present case. Should the court adopt the referral, the undersigned recommends a new referral for further proceedings relating to the claims against Defendant Pantoja.

ENTERED this 26th day of July, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE