# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| CHARLES LEE MOORE II, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) NO. CIV-15-688-HE |
| LT. PANTOJA, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff, Charles Moore, a state prisoner appearing *pro se,* filed this § 1983 action against defendants Lt. Juan Pantoja, Sgt. Matthew Harvey and Tina Mangalona,[1] correctional officers at the Oklahoma State Reformatory in Granite, Oklahoma, asserting excessive force and failure to protect claims. Consistent with 28 U.S.C. § 636(b), the matter was referred for initial proceedings to Magistrate Judge Charles B. Goodwin, who has recommended that defendant Pantoja's motion to dismiss and plaintiff's motion for summary judgment be denied. Although defendant Harvey and Mangalona had joined in the motion to dismiss, plaintiff voluntarily dismissed his claims against them without prejudice.

Plaintiff did not object to the magistrate judge's Report and Recommendation. He thereby waived his right to appellate review of the factual and legal issues it addressed. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010); *see* 28 U.S.C. §636(b)(1)(C). Defendant Pantoja did object, contending the magistrate erroneously concluded plaintiff had

---

[1]*The correct spelling of defendant Mangalona's name is unclear, but is inconsequential. The spelling used in defendants' motion to dismiss is Manglona, rather than Mangalona.*

adequately pleaded an Eighth Amendment violation and that he had failed to show he was entitled, at this stage of the proceedings, to qualified immunity.

Having conducted a *de novo* review of the issues raised by defendant Pantoja, the court agrees with the magistrate judge's analysis and conclusions. Contrary to defendant's assertions, plaintiff has sufficiently alleged that defendant Pantoja's conduct on November 24, 2014, was "objectively harmful enough to establish a constitutional violation." Graham v. Sheriff of Logan Cty., 741 F.3d 1118, 1123 (10th Cir. 2013). Defendant Pantoja also has not demonstrated that his motion to dismiss should be granted on grounds of qualified immunity.

Accordingly, the court adopts Magistrate Judge Goodwin's Report and Recommendation and denies defendant Pantoja's motion to dismiss [Doc. #20] and plaintiff's motion for summary judgment [Doc. #26]. Plaintiff has dismissed his claims against defendants Harvey and Mangalona without prejudice. Doc. #26, p. 2.

This case is re-referred to U. S. Magistrate Judge Charles Goodwin for appropriate further proceedings as to the claims against defendant Pantoja.

**IT IS SO ORDERED.**

Dated this 25th day of August, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

2