UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES LEE MOORE II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-688-HE |
| ) | |
| LT. PANTOJA et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter is before the Court on the pro se Plaintiff's first motion to compel, in which Plaintiff asks the Court to direct the sole remaining Defendant "to cooperate with discovery." Pl.'s Mot. (Doc. No. 50) at 3. Plaintiff objects that "Defendant Pantoja has failed to respond to or fully respond to" ten interrogatories. *See id.* at 1-2. Plaintiff states that he received Defendant Pantoja's incomplete responses on January 30, 2017, and that he mailed this motion to compel on January 31, 2017. *Id.* at 1, 3.

Plaintiff's motion does not include a signed copy of his proffered interrogatories or the required "certification that the movant has in good faith conferred with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see* Fed. R. Civ. P. 26(b), (g)(2); LCvR 37.1; *cf. Taylor v. Dist. of Colo. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (noting that "pro se litigants are subject to the same procedural rules as everyone else," including those governing discovery) (citing *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000)).

Accordingly, Plaintiff's first Motion to Compel (Doc. No. 50) is DENIED without prejudice.

The Court also notes that Defendant Pantoja filed a motion for summary judgment on January 30, 2017. Def.'s Am. Mot. Summ. J. (Doc. No. 49). The certificate of service states that Defendant's counsel mailed a copy of the motion to Plaintiff at the Joseph Harp Correctional Center in Lexington, Oklahoma—Plaintiff's current address of record—on the same date. *Id.* at 32; *see also* Notice of Change of Address (Doc. No. 21) at 1 (filed Jan. 6, 2016). Plaintiff has until February 20, 2017, to file any response to Defendant's motion for summary judgment. LCvR 7.1(g); Sched. Order (Doc. No. 36) at 2-3.

Plaintiff's motion to compel indicates that Plaintiff was transferred to James Crabtree Correctional Center in Helena, Oklahoma, sometime before September 23, 2016. *See* Pl.'s Mot. at 1 ("[S]cheduling Oder was sent to another facility – Joseph Harp Correctional Center."). Despite being informed of his obligation to do so, however, Plaintiff did not properly notify the Court that his mailing address had changed. LCvR 5.4(a); *see* Notice of Mailing LCvR 5.4/Change of Address Form (entered June 25, 2015). The Court admonishes both parties that it will not readily excuse delays caused by a party's failure to follow court Orders and procedural rules.

The Clerk of Court is directed to change Plaintiff's address of record and other contact information as indicated in Plaintiff's most recent submission to this Court, and to send Plaintiff a current copy of the docket sheet and another Change of Address form along with a copy of this Order.

IT IS SO ORDERED this 10th day of February, 2017.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE